Laurence ("Laird") J. Lucas
LAW OFFICES OF LAURENCE J. LUCAS
P.O. Box 1342
Boise, ID 83701
(208) 424-1366

William M. Eddie
Melinda K. Harm
LAND AND WATER FUND OF THE ROCKIES
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)

Attorneys for the Plaintiffs Idaho Watersheds Project and
Committee for Idaho's High Desert

FEE PAID
R# 8172

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO WATERSHEDS PROJECT, and COMMITTEE FOR IDAHO'S HIGH DESERT, <br><br> Plaintiffs, <br><br> vs. <br><br> VERL JONES, TUDDIE JONES, UNITED STATES FOREST SERVICE, MIKE DOMBECK, Chief, United States Forest Service, and GEORGE MATEJKO Supervisor, Salmon-Challis National Forest <br><br> Defendants. | Case No. _____ <br><br><br> **COMPLAINT** |

## INTRODUCTION

1.  This case seeks declaratory and injunctive relief for ongoing violations of

the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq., by private party

defendants Verl and Tuddie Jones ("Jones Defendants"), and the United States Forest

COMPLAINT – 1

Service et al. ("Forest Service Defendants"), for their authorization and operation of the Otter Creek Diversion and Ditch, which adversely affect Bull Trout, a species listed as "threatened" under the ESA.

2. The Jones Defendants operate the Otter Creek Diversion and Ditch, located on U.S. Forest Service lands in the Salmon River watershed, to divert water out of Otter Creek by emplacement of rock and other materials to block the natural stream channel, thus causing water to flow into a ditch for transbasin movement to Morgan Creek, where the Jones Defendants withdraw the water for irrigation and livestock watering purposes. No system is in place to prevent threatened Bull Trout or other fish from becoming "entrained" into the Otter Creek Ditch, where they die or their vital biological functions, such as feeding and breeding, are impaired. The Otter Creek Diversion further dewaters the stream, blocks fish migration, and adversely modifies stream habitat in other ways, thereby further harming this threatened fish species.

3. Pursuant to the ESA citizen suit provision, 16 U.S.C. § 1540(g), Plaintiffs thus seek injunctive and declaratory relief against the Jones Defendants to halt their ongoing and unlawful "take" of Bull Trout, in violation of ESA Sections 4(d) and 9 and regulations thereunder.

4. Plaintiffs further seek relief under the ESA citizen suit provision against the Forest Service Defendants for multiple violations of ESA Section 7 in their authorization, funding, and/or carrying out of the ongoing operation and maintenance of the Otter Creek Diversion and Ditch upon Forest Service lands. In addition, Plaintiffs seek injunctive and declaratory relief against the Forest Service Defendants under the National Forest Management Act ("NFMA"), 16 U.S.C. § 1600 et seq. and the

Administrative Procedures Act, 5 U.S.C. § 551 et seq., with respect to the Otter Creek Diversion and Ditch.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to the ESA citizen suit provision, 16 U.S.C. § 1540(g), because this action seeks to enjoin Defendants from further violations of the ESA and regulations promulgated thereunder. The Court also has jurisdiction over this matter by virtue of 28 U.S.C. § 1331 (federal question), § 2201 (declaratory judgment), and § 2202 (injunctive relief).

6. As required by the ESA, 16 U.S.C. § 1540(g)(2)(A)(i), Plaintiffs provided sixty days' notice of intent to sue to Defendants and to the Secretaries of the U.S. Departments of Interior and Commerce prior to bringing this action.

7. Venue in this Court is proper under 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e), because one or more Defendants reside in this district and the events or omissions giving rise to the violations of law alleged herein occurred in this district.

## PARTIES

8. Plaintiffs in this action are:

A. Plaintiff IDAHO WATERSHEDS PROJECT ("IWP") is an Idaho non-profit membership organization dedicated to protecting, conserving, and restoring Idaho's public lands, streams and natural resources. IWP has over 850 members, most of whom live in the State of Idaho. IWP, as an organization and on behalf of its members, is concerned with and active in seeking to protect and improve the riparian areas, water quality, fisheries, wildlife, and other natural resources and ecological values of Idaho's watersheds. IWP and its members have made extensive use of the public lands and

resources of the Salmon River watershed, including Otter and Morgan Creeks at issue herein.

  B. Plaintiff COMMITTEE FOR IDAHO'S HIGH DESERT ("CIHD") is an Idaho non-profit membership organization which is dedicated to the protection, restoration, and wise use and enjoyment of Idaho public lands and high desert resources. CIHD has over 400 members, most of whom live in the State of Idaho. CIHD, as an organization and on behalf of its members, is concerned with and active in seeking to protect and improve the riparian areas, water quality, fisheries, wildlife, and another natural resources and ecological values of Idaho's watersheds and high desert areas, including the Salmon River watershed.

  9. Plaintiffs and their members use and enjoy the waters, public lands, and natural resources of the Salmon River watershed and Otter Creek area for many health, recreational, scientific, spiritual, educational, aesthetic, and other purposes. Plaintiffs' members also have particular interests in conserving, protecting, and recovering Idaho's declining fish species, including Bull Trout and its habitat in the Salmon River watershed. Plaintiffs and their members also participate in information gathering and dissemination, education and public outreach, commenting upon proposed agency actions, and other activities relating to the Forest Service's management of the Salmon-Challis National Forest and other public lands and resource of Idaho managed by the Forest Service. These health, recreational, scientific, spiritual, aesthetic, educational, information, and other interests are directly affected by the Defendants' actions concerning the Otter Creek Diversion and Ditch, as alleged herein.

COMPLAINT – 4

10. The interests of Plaintiffs and their members have been and will continue to be injured and harmed by activities which are authorized, funded, and/or carried out by Defendants in relation to the operation and maintenance of the Otter Creek Diversion and Ditch, including the diversion of water out of Otter Creek. Unless the relief prayed for therein is granted, Plaintiffs and their members will continue to suffer ongoing and irreparable harm and injury to their interests.

11. Defendants in this action are:

A. Defendants VERL and TUDDIE JONES are married individuals who reside in Custer County, Idaho. Records of the Idaho Department of Water Resources indicate that the Jones Defendants own and/or claim water right 75-02169, as filed in the Snake River Basin Adjudication, for diversions from Otter Creek using the Otter Creek Diversion and Ditch. The Jones Defendants also own, control, or retain an interest in property which is irrigated by this water right on Morgan Creek. Plaintiffs are informed and believe that the Jones Defendants, and/or their agents, employees or other persons under their authority and control, enter upon Forest Service lands regularly for operation and maintenance of the Otter Creek Diversion and Ditch in connection with utilization of Otter Creek water under this claimed water right.

B. Defendant MIKE DOMBECK is Chief of the United States Forest Service, and is sued solely in his official capacity.

C. Defendant GEORGE MATEJKO is Forest Supervisor of the Salmon-Challis National Forest, in which the Otter Creek Diversion and Ditch are located, and is sued solely in his official capacity.

D.  Defendant UNITED STATES FOREST SERVICE is an agency or instrumentality of the United States, and is charged with managing the public lands and resources of the National Forest system, including those on which the Otter Creek Diversion and Ditch are located.

## STATEMENT OF FACTS

12.  Otter Creek is a tributary to Panther Creek in the Salmon River watershed, within the Salmon-Challis National Forest in Idaho.

13.  According to records of the Idaho Dept. of Water Resources (IDWR) for water right 75-02169, as filed in the Snake River Basin Adjudication, water is diverted from Otter Creek at a diversion point located in T18N, R19E, Section 30 (Boise Meridian). The diverted water is then transported via the Otter Creek Ditch around a mountainside upon Forest Service lands, eventually emptying into Morgan Creek for further downstream transport to irrigate private property of the Jones Defendants on Morgan Creek. According to IDWR records, the place of use for the diverted Otter Creek water is located in T18N, R19E (Boise Meridian).

14.  The Otter Creek Diversion and Ditch are operated so as to divert water out of Otter Creek for use by the Jones Defendants, employing crude diversion works made up of rock, gravel, dirt, wood, plastic and/or other foreign materials, which are placed into Otter Creek and completely block the stream course in order to divert the streamflow into a ditch coming off of the diversion location. The Otter Creek Diversion is not equipped with any kind of "fish screen" or other device to prevent fish in Otter Creek from becoming "entrained" into the Otter Creek Ditch as water is diverted from the stream into the ditch.

COMPLAINT – 6

15. The Otter Creek Diversion completely blocks the natural stream course of Otter Creek, and obstructs upstream or downstream passage by fish when the diversion works are in place.

16. The Otter Creek Diversion further wholly or substantially dewaters Otter Creek for a reach below the diversion point, as all or most of the streamflow is diverted into the associated ditch. Only minor amounts of water "bypass" the diversion structure at normal flows, as a result of seepage through the diversion itself.

17. Through placement of rock, gravel, dirt, wood, plastic and/or other materials into Otter Creek as part of the diversion facility, the Otter Creek Diversion further contributes pollutants to the stream, notably sediment, which may degrade fisheries habitat.

18. Otter Creek is occupied habitat of Bull Trout (*Salvelinus confluentus*), a species listed by United States Fish and Wildlife Service (USFWS) as threatened under the ESA. 63 Federal Register 31647 (6/10/98).

19. Section 9 of the ESA prohibits the "take" of any species listed as endangered. 16 U.S.C. §1538(a)(1)(B). The term "take" is defined in the ESA as "to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or attempt to engage in such conduct." 16 U.S.C. § 1532(19). The USFWS has adopted implementing regulations for the "take" prohibitions of ESA § 9, that further prohibit adverse modification of habitat which results in actual death or injury to individuals of the listed species, or which interferes with their essential biological functions. 50 C.F.R. § 17.3.

20. Under § 4(d) of the ESA, USFWS may promulgate regulations extending this Section 9 prohibition against "take" to species listed as threatened under the ESA. 16 U.S.C. § 1533(d). Such regulations have been promulgated by USFWS with respect to Bull Trout, thus prohibiting "take" of Bull Trout as unlawful. See 50 C.F.R. §§ 17.31(a) and 17.44(w) ("take" prohibition extended to all threatened species under Fish and Wildlife Service jurisdiction, which includes Bull Trout); 63 Federal Register 31647 (6/10/98) (Bull Trout listing rule adopting §4(d) prohibition against "take").

21. Otter Creek is also designated critical habitat under the ESA for the listed spring/summer and fall Snake River Chinook Salmon, 58 Federal Register 68543 (12/28/93); and is designated critical habitat for Snake River Basin Steelhead *(Oncorhynchus mykiss)*, also listed as threatened under the ESA. 62 Federal Register 43937 (8/18/97); 65 Federal Register 7764 (2/16/00). The National Marine Fisheries Service (NMFS) has promulgated a rule under ESA § 4(d) prohibiting "take" of these threatened species as well. *See* 65 Fed.Reg. 42422 (July 10, 2000) ("take" prohibition extended to numerous threatened runs of salmon and steelhead, including Snake River spring/summer and fall Chinook salmon and Snake River steelhead).

22. As hereinbefore alleged, Defendants' operation of the Otter Creek Diversion and Ditch causes all or virtually all of the flow of Otter Creek to be diverted out of the stream at or near the diversion point. As a result, Otter Creek for a reach below the diversion point is completely or substantially dewatered for significant portions of the year, particularly during summer and fall months, which Plaintiffs reasonably believe will continue.

COMPLAINT – 8

23. The Otter Creek diversion further obstructs fish passage and is unscreened, and thus causes "entrainment" of Bull Trout and other fish into the Otter Creek ditch, where they are very likely to die and/or their breeding and reproduction are significantly if not completely impaired.

24. Plaintiffs are informed and believe, and allege thereon, that Defendants' operation of the Otter Creek Diversion and Ditch has thus caused unlawful "take" of threatened Bull Trout by various means including, but not limited to, "entrainment" of Bull Trout and other fish into the Otter Creek Ditch, stream dewatering, obstruction of fish passage, and other adverse modification of stream habitat, all in violation of ESA Sections 4(d) and 9, 16 U.S.C. §§ 1533(d) & 1538, and regulations thereunder.

25. Defendants have further violated USFWS regulations to protect Bull Trout, 50 C.F.R. § 17.44(w)(3), which provides: "Any violation of applicable State and Native American Tribal fish and wildlife conservation laws or regulations with respect to the taking of this species [Bull Trout] is also a violation of the Endangered Species Act." Idaho Code § 36-906 requires all diversions to be screened and for such screens to be maintained in order to prevent fish from entering into such diversions, so as to protect them from entrainment. By continuing to operate the Otter Creek Diversion without fish screening devices, Defendants are thus violating 50 C.F.R. § 17.44(w)(3) and ESA Sections 4(d) and 9.

26. The Forest Service Defendants have authorized, funded and/or carried out activities relating to the operation and maintenance of the Otter Creek Diversion and Ditch, including the diversion of water out of Otter Creek at location(s) upon Forest Service lands for conveyance across Forest Service lands, for purposes of livestock

watering and/or irrigation by the Jones Defendants. These activities include authorizing or allowing the Jones Defendants and/or their agents or employees to enter upon Forest Service lands to construct, maintain, and operate the Otter Creek Diversion and Ditch; to divert water thereby; and to convey the water by means of the Otter Creek Ditch upon and across Forest Service lands.

27. The Forest Service previously authorized the Jones Defendants' use of Forest Service lands for the Otter Creek Diversion and Ditch through issuance of a special use permit under federal law and regulations. That permit, however, expired on December 31, 1998, and has not been renewed or replaced. Nevertheless, the Forest Service Defendants have continued to allow the Jones Defendants to operate the Otter Creek Diversion and Ditch in the period since December 1998, without any valid special use permit.

28. The Forest Service has not completed full consultation with the USFWS and NMFS under Section 7 of the ESA over the authorization, funding, or operation of the Otter Creek Diversion and Ditch and the impacts thereof upon Bull Trout, Snake River Salmon, or Snake River Steelhead and their critical habitat. Moreover, the Forest Service Defendants have authorized and allowed private parties, namely the Jones Defendants or their agents or employees, to enter on and occupy Forest Service lands and to operate and maintain the Otter Creek Diversion and Ditch without requiring special use permits having conditions necessary to protect the listed species from adverse impacts; and without conducting full and necessary consultation under ESA Section 7 and in violation of the Salmon-Challis Land Resource Management Plan.

COMPLAINT – 10

### First Claim for Relief:
### Violation of the Endangered Species Act
### Against Jones Defendants

29. Plaintiffs incorporate by reference all preceding paragraphs.

30. As hereinbefore alleged, the Jones Defendants operate and maintain the Otter Creek Diversion and Ditch in a manner that has caused, and will foreseeably continue to cause, "take" of Bull Trout and other aquatic species in violation of ESA Section 9, 16 U.S.C. § 1538, and regulations promulgated under § 4(d) of the ESA, 16 U.S.C. § 1533(d), including 50 C.F.R. §§ 17.31(a) and 17.44(w).

31. Plaintiffs are injured by the Jones Defendants' ongoing violations of the ESA as herein alleged.

32. Plaintiffs are authorized by the citizen suit provision of the ESA to bring this action and obtain injunctive relief to remedy said ongoing violations by the Jones Defendants. 16 U.S.C. § 1540(g)(1).

WHEREFORE, Plaintiffs pray for relief as set forth below.

### Second Claim for Relief:
### Violation of Endangered Species Act § 7
### Against Forest Service Defendants

33. Plaintiffs incorporate by reference all preceding paragraphs.

34. Congress in enacting the ESA explicitly determined "to require agencies to afford first priority to the declared national policy of saving endangered species" and made a "conscious decision . . . to give endangered species priority over the 'primary missions' of federal agencies." TVA v. Hill, 437 U.S. 153, 184-86 (1978).

35. Section 7(a)(1) of the ESA, 16 U.S.C. §1536(a)(1), directs federal agencies to use their authorities to further the purposes of the Act by carrying out

COMPLAINT – 11

conservation programs for listed species. As defined under ESA § 3, the term "conservation" means to use all necessary methods and procedures to bring any endangered or threatened species to the point at which the measures provided pursuant to the ESA are no longer necessary. 16 U.S.C. § 1532(3).

36. ESA Section 7(a)(2) requires all federal agencies, including the Forest Service, to "insure that any action authorized, funded or carried out by such agency . . . is not likely to jeopardize the continued existence of any endangered species or threatened species." 16 U.S.C. § 1536(a)(2). To ensure against causing "jeopardy" to listed species, ESA § 7 requires agencies to complete consultation with USFWS and NMFS before proceeding with any action that may adversely affect or jeopardize a listed species.

37. Section 7(d) of the ESA, 16 U.S.C. § 1536(d), provides that once a federal agency initiates consultation on an action under ESA § 7(a)(2), it "shall not make any irreversible or irretrievable commitment of resources with respect to the agency action which has the effect of foreclosing the formulation or implementation of any reasonable and prudent alternative measures which would not violate subsection (a)(2) of this section." The purpose of ESA § 7(d) is to maintain the status quo pending the completion of interagency consultation.

38. The Forest Service Defendants have failed to undertake conservation measures to protect the Bull Trout from harm as a result of the operation of the Otter Creek Diversion and Ditch, in violation of ESA § 7(a)(1), including by preventing excessive diversions or requiring that diversions do not "entrain" fish or physically obstruct fish passage.

39. The Forest Service Defendants have further failed to complete consultation with USFWS and NMFS under ESA § 7(a)(2) and implementing regulations with respect to the Otter Creek Diversion and Ditch, thus failing to insure that their authorization, funding or carrying out of activities relating to such diversion and ditch are not likely to jeopardize the continued existence of the listed species or cause adverse modification of critical habitat.

40. The Forest Service Defendants are further violating ESA § 7(d), 16 U.S.C. § 1536(d), by continuing to authorize, fund, and/or carry out activities relating to the Otter Creek Diversion and Ditch that may adversely affect the listed Bull Trout and other aquatic species, prior to completing consultation with USFWS and NMFS.

41. Despite their failure to complete consultation with USFWS and NMFS, the Forest Service Defendants continue to authorize, fund and/or carry out activities relating to the operation and maintenance of the Otter Creek Diversion and Ditch, including the diversion of water out of Otter Creek at location(s) upon Forest Service lands for conveyance across Forest Service and other public and/or private lands, for purposes of livestock watering and irrigation by private parties which adversely affect, and/or jeopardize the existence of Bull Trout, salmon, and/or steelhead and/or which adversely modify their critical habitat.

42. The Forest Service Defendants' violations of ESA Section 7, as herein alleged, are subject to judicial review under the ESA citizen suit provision, 16 U.S.C. § 1540(g).

43. In the alternative, if such violations are not subject to judicial review under the ESA citizen suit provision, then Plaintiffs allege that the Forest Service

Defendants' violations of ESA Section 7 are also arbitrary, capricious, and not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 706; and are subject to judicial review under 5 U.S.C. § 701 et seq.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### Third Claim for Relief:
### Violation of the National Forest Management Act
### Against Forest Service Defendants

44. Plaintiffs incorporate by reference all preceding paragraphs.

45. The National Forest Management Act ("NFMA"), 16 U.S.C. § 1604(i), requires that permits, contracts, and other instruments for the use and occupancy of National Forest System lands must be consistent with the land management plans. The amendments to the Salmon-Challis Land Resource Management Plan as a result of the "Interim Strategies for Managing Anadromous Fish-producing Watersheds in Eastern Oregon and Washington, Idaho and Portions of California" ("PACFISH") and the extension of those protections for the protection of Bull Trout through the "Inland Native Fish Strategy" ("INFISH") require the Forest Service to take the necessary steps to avoid adverse impacts to listed aquatic species in the issuance of special use permits for diversions. This includes modifying, or, where necessary, eliminating diversions through negotiation or outright purchase of the permits and/or right-of-way, as required by the Land Resource Management Plan, as amended.

46. The Forest Service Defendants have failed to modify or eliminate the Otter Creek Ditch and Diversion or take other necessary steps to mitigate for adverse impacts to native species, in violation of the applicable Land Resource Management Plan as amended by INFISH and PACFISH.

47. The Forest Service Defendants have further allowed the Jones Defendants to continue in the occupancy and use of Forest Service lands, through their operation and maintenance of the Otter Creek Diversion and Ditch, without a valid special use permit, as required under NFMA and the applicable Land Resource Management Plan.

48. The Forest Service's violations of NFMA are arbitrary, capricious, and not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 706; and are subject to judicial review under 5 U.S.C. § 701 et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Adjudge and declare that the Jones Defendants are in violation of ESA Sections 9 and 4(d), and regulations thereunder, by causing "take" of Bull Trout and other aquatic species through their operation of the Otter Creek Diversion and Ditch;

B. Adjudge and declare that the Forest Service Defendants are violating ESA Section 7 and/or NFMA with respect to authorization and operation of the Otter Creek Diversion and Ditch;

C. Adjudge and declare that both the Jones and Federal Defendants are violating 50 C.F.R. § 17.44(w)(3) by failing to screen the Otter Creek Diversion;

D. Enjoin the Jones Defendants from continuing to violate the ESA through operation of the Otter Creek Diversion and Ditch in any manner which may cause "take" of Bull Trout,

E. Enjoin the Forest Service Defendants from authorizing the operation or maintenance of the Otter Creek Diversion and Ditch, by the Jones Defendants or any

other persons, until such time as consultation is completed and the Forest Service Defendants have met all other requirements of law pertaining thereto;

F.  Order the Forest Service Defendants to consult fully with USFWS and NMFS under the ESA with respect to all actions authorized, funded, or carried out by Defendants on Otter Creek, including operation and maintenance of irrigation diversion and conveyance facilities;

G.  Enter such other temporary, preliminary, or permanent injunctive relief as specifically prayed for by Plaintiffs hereinafter;

H.  Award Plaintiffs their reasonable fees, costs, expenses, and disbursements, including attorneys fees, associated with this litigation pursuant to the ESA and/or the Equal Access to Justice Act; and/or

I.  Grant such additional and further relief as the Court may deem just and appropriate.

DATED: December 19, 2000.    Respectfully submitted,

_____
Laurence J. Lucas
Law Offices of Laurence J. Lucas

_____
Melinda K. Harm
William M. Eddie
Land and Water Fund of the Rockies

Attorneys for Plaintiffs

COMPLAINT – 16