IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IDAHO WATERSHEDS PROJECT, | ) | |
| and COMMITTEE FOR IDAHO'S | ) | Case No. CV-00-730-E-BLW |
| HIGH DESERT, | ) | |
| | ) | **MEMORANDUM** |
| Plaintiffs, | ) | **DECISION AND ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| VERL JONES, TUDDIE JONES, | ) | |
| UNITED STATES FOREST SERVICE, | ) | |
| MIKE DOMBECK, Chief, United States | ) | |
| Forest Service, and GEORGE MATEJKO, | ) | |
| Supervisor, Salmon-Challis National | ) | |
| Forest, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM DECISION

The Court has before it a motion to stay judgment pending appeal or to

waive a supersedeas bond.  Defendants seek to stay the Court's Judgment

enjoining them from operating an irrigation diversion that was creating an

imminent threat of harm to bull trout in violation of § 9 of the Endangered Species

Act (ESA).

To determine whether a stay should be granted, this Court must examine

(1) whether defendants have made a strong showing that they are likely to succeed

**Memorandum Decision and Order – Page 1**

on the merits; (2) whether defendants will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest will be harmed by a stay. *See* Rule 62(c); *Tribal Village of Akutan v. Hodel*, 859 F.2d 662 (9th Cir. 1988).

The defendants have not made a strong showing that they will prevail on the merits. The public interest and the interests of plaintiffs will certainly be prejudiced if the injunction is stayed because the Court found an imminent threat of harm to a threatened species under the ESA. Finally, the defendants have not shown any irreparable harm that would be caused by the injunction.

In the alternative, the defendants seek to stay only their obligation to pay the monetary judgment of $35,459.93. They seek to pledge their water right as collateral to support a stay of their obligation to pay that sum.

The Court will authorize a stay of the obligation to pay this sum upon the filing of a traditional supersedeas bond with the Clerk of the Court. The defendants may, in the alternative, pledge their water right as security only if the plaintiffs agree.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for stay

(Docket No. 97, parts one and two) is GRANTED IN PART AND DENIED IN PART.  It is granted only to the extent it seeks to stay the obligation to pay the sum of $35,459.93 on the condition that a traditional supersedeas bond be filed in that sum with the Clerk of the Court.  The defendants may pledge their water right as security in lieu of the supersedeas bond only if the plaintiffs agree.  The motion is denied in all other respects, and is specifically denied to the extent it seeks to stay the injunction.

DATED:  **March 29, 2005**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 3**