**FILED**

**NOT FOR PUBLICATION**  APR 18 2005

UNITED STATES COURT OF APPEALS  CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IDAHO WATERSHEDS PROJECT; COMMITTEE FOR IDAHO'S HIGH DESERT,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>VERL JONES; TUDDIE JONES,<br><br>Defendants - Appellants. | No. 03-35870<br><br>D.C. No. CV-00-00730-BLW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted February 7, 2005
Seattle, Washington

Before: O'SCANNLAIN, McKEOWN, and BEA, Circuit Judges.

The Joneses, the owners of a small, family ranch, appeal from a decision of the district court granting summary judgment to the Idaho Watershed Project and the Committee for Idaho's High Desert, two concerned environmental groups.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

The parties are familiar with the facts and proceedings so we need not recite them here.

Under the relevant substantive law, the Joneses should be enjoined to use a fish screen and a head gate in their diversion if there is a reasonably certain imminent threat, *see Defenders of Wildlife v. Bernal*, 204 F.3d 920, 925 (9th Cir. 2000), that the lack of a fish screen or a head gate will kill or injure bull trout or will modify habitat in a way that kills and injures bull trout (including by significantly impairing their breeding, shelter, or feeding), *see* 50 C.F.R. § 17.3.

In determining whether the evidence demonstrates a reasonably certain imminent threat, we treat all probative evidence as relevant. We consider the "best scientific or commercial evidence available," but treat it as neither exclusively relevant nor automatically sufficient, in contrast to what might arguably be done under other sections of the Endangered Species Act. *See* 16 U.S.C. §§ 1533(b)(1)(A), 1533(b)(2), 1536(a)(2), 1536(c)(1), 1536(h)(2)(B)(i). We consider expert testimony, but do not treat it as rebuttable only by other expert testimony. *See Dorn v. Burlington N. Santa Fe R.R.*, 397 F.3d 1183, 1193-94 (9th Cir. 2005) (holding that lay witnesses' testimony that they had crossed a railroad track at right angles was relevant and admissible even though an expert had asserted that

such crossings were impossible). Finally, we treat evidence of past harms or their lack as indicative of the likelihood of future harm.

Given this treatment of the evidence, we must conclude that the Joneses' lay testimony and Larkin's affidavit are relevant and create genuine issues of material fact with respect to both the head gate and the fish screen. We therefore reverse the judgment of the district court and remand for further proceedings consistent with this disposition.

REVERSED AND REMANDED.