IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO WATERSHEDS PROJECT, and COMMITTEE FOR IDAHO'S HIGH DESERT,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>VERL JONES, TUDDIE JONES,<br><br>　　　　　Defendants. | Case No. CV-00-730-E-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it cross-motions for attorney fees. The Court heard oral argument on the motions on February 8, 2006. For the reasons, expressed below, the Court will grant IWP's motion and deny Tuddie Jones's motion.

**1.　IWP's Motion for Attorney Fees**

IWP seeks fees under the ESA. The Court may award fees under the ESA "whenever the Court determines that such award is appropriate." 16 U.S.C. § 1540(g)(4).

This statute does not require a finding that IWP was the "prevailing party." *Association of California Water Agencies v. Evans*, 386 F.3d 879, 885 (9th Cir.

**Memorandum Decision – Page 1**

2004).  Thus, the standards applicable to "prevailing party" statutes do not apply here.  *Buckhannon Bd. & Care Home, Inc. v. W.V. Dept. of Health & Human Resources*, 532 U.S. 598 (2001).  Instead, the Court must first "determine what the lawsuit sought to accomplish and then determine whether it was accomplished by means of the suit."  *Evans*, 386 F.3d at 886.  This is referred to as "the catalyst theory."  *Id*. at 885.  The lawsuit must be the catalyst for accomplishing the lawsuit's goals – if those goals are achieved, but brought about by other means, fees are not "appropriate."  *Id.*

      Here, IWP's lawsuit had two goals.  First, IWP sought to compel the Forest Service to consult with the Fish and Wildlife Service under § 7 of the ESA over the impact of the diversions on Bull Trout.  Second, IWP sought to enjoin the Jones from diverting water until the Forest Service could finish its § 7 consultation, issue its Biological Opinion (BO), and place conditions on a diversion easement pursuant to the BO.

      IWP achieved the first goal when the Forest Service agreed to conduct the consultation and was dismissed from this suit.  IWP is not seeking recovery of any fees from the Jones with respect to achieving that goal.

      IWP achieved the second goal when it obtained, early in this case, a TRO that eventually became a permanent injunction blocking any diversions without a

**Memorandum Decision  – Page 2**

fish screen and head gate.  IWP's overall goal was achieved when Tuddie Jones filed her Declaration on October 27, 2005, agreeing to abide by the BO and any Forest Service conditions.

The lawsuit was the catalyst for achieving these goals.  The Jones insisted throughout this litigation that they had the right to divert water without a fish screen.  While at one point they stipulated to stop diversions without using fish screens, a stipulation that was approved by the Court, they shortly thereafter served notice that they intended to breach the stipulation.  This required IWP to press forward with an injunction motion, which the Court granted on July 13, 2001.

The Jones' recalcitrance forced IWP to hire experts and engage in litigation that was both prolonged and expensive.  The Court later entered a permanent injunction that remained in place throughout this case, and was not removed by the Ninth Circuit's decision.

The Court has awarded fees once to IWP, in the sum of $35,459.93.  IWP's counsel has represented that the additional $12,000 in fees that IWP seeks over and above that award were incurred since the award to stop the Jones from diverting water without a fish screen.  As recently as September of 2005, the Jones filed a report of their expert asserting that no fish screen was necessary, requiring IWP to incur additional expenses to respond.

**Memorandum Decision – Page 3**

IWP achieved all of its goals, and this case was the catalyst for achieving those goals. For that reason, IWP is entitled to an award of fees.

IWP seeks $48,839.93 in fees and costs. The hourly rates, and the hour expended, on which that sum is based are reasonable. The Court shall order that it be paid, and will issue a separate Judgment.

**2.     Tuddie Jones's Motion for Attorney Fees**

Tuddie Jones is entitled to fees only if IWP's case can be deemed "frivolous." *Ocean Conservancy v. NMFS*, 382 F.3d 1159 (9th Cir. 2004). The Court cannot find that IWP's case was frivolous when the Ninth Circuit has held that the case contains questions of fact sufficient to warrant a trial. This motion will therefore be denied.



DATED: **March 30, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court