# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| IDAHO WATERSHEDS PROJECT; et al., <br><br> Plaintiffs - Appellees, <br><br> V. <br><br> VERL JONES; et al., <br><br> Defendants - Appellants. | No. 06-35344 <br> D.C. No. CV-00-00730-BLW <br><br> **JUDGMENT** |

Appeal from the United States District Court for the District of Idaho (Pocatello).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Idaho (Pocatello) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 11/06/07

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 06 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IDAHO WATERSHEDS PROJECT; COMMITTEE FOR IDAHO'S HIGH DESERT,<br><br>    Plaintiffs - Appellees,<br><br>  v.<br><br>VERL JONES; TUDDIE JONES,<br><br>    Defendants - Appellants. | No. 06-35344<br><br>D.C. No. CV-00-00730-BLW<br><br>MEMORANDUM* |



Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted October 19, 2007
Seattle, Washington

Before: D.W. NELSON, BEAM**, and RYMER, Circuit Judges.

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*    The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

The Joneses, the owners of a family-operated farm and ranch near Challis, Idaho, appeal from the district court's decision granting the plaintiffs', Idaho Watershed Project and the Committee for Idaho's High Desert (collectively "IWP"), motion for attorney's fees, and denying the Joneses' motion for attorney's fees. As this is the second time the parties have been before this court, they are familiar with the facts and proceedings so we need not recite them here.

We review a district court's award of attorney's fees under an abuse-of-discretion standard. *Ass'n of Cal. Water Agencies v. Evans*, 386 F.3d 879, 883 (9th Cir. 2004). We review the underlying factual determinations for clear error and review any legal analysis relevant to the fee determination *de novo*. *Id.*

Title sixteen of United States Code section 1540(g)(1) provides that "any person may commence a civil suit on his own behalf to enjoin any person . . . who is alleged to be in violation of" the Endangered Species Act (ESA). 16 U.S.C. § 1540(g)(1). This is commonly referred to as a citizen-suit provision. In suits brought under the ESA's citizen-suit provision, a court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such an award is *appropriate*." 16 U.S.C. § 1540(g)(4) (emphasis added). For an award of attorney's fees to be *appropriate*, the plaintiff must have had some degree of success on the merits, even if not a

major success. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 682, 694 (1983); *Evans*, 386 F.3d at 884.

A plaintiff need not necessarily obtain a final judgment on the merits or even a judicial decision in its favor to recover its attorney's fees. Indeed, when "a plaintiff does not win a final judgment on the merits, a two-part test determines whether that plaintiff nonetheless 'prevailed' for the purpose of receiving attorney's fees." *Evans*, 386 F.3d at 885 (citation omitted). This two-part test is known as the "catalyst theory."

In the first part of this test:

> [I]n a factual inquiry, the [d]istrict [c]ourt must determine what the lawsuit sought to accomplish [*i.e.*, the goals of the plaintiff] and then determine whether it was accomplished by means of the suit. Plaintiffs need only have received some of the benefits they sought in the suit. There must, however, be some sort of clear, *causal relationship* between the litigation brought and the practical outcome realized.

*Evans*, 386 F.3d at 886 (emphasis in original). Thus, the first prong of this two-part test requires a two-step process: a court should compare the relief sought by the plaintiff (by looking to the plaintiff's complaint) with the relief actually obtained, and, if it is of the same general type, the court should assess whether there was a causal connection between the lawsuit and the relief obtained. *Ctr. for Biological Diversity v. Scarlett*, 452 F. Supp. 2d 966, 970 (N.D. Cal. 2006).

Chronological events are important in determining whether a lawsuit was a catalytic factor in prompting a defendant to take certain actions. *Wilderness Soc'y v. Babbitt*, 5 F.3d 383, 386 (9th Cir. 1993).

The second part of this two-part test is a legal inquiry. The court must determine that the benefit achieved was required by law and was not a gratuitous act of the defendant. *Evans*, 386 F.3d at 886 n.3. If a court has determined that a defendant's conduct, however beneficial it may be to a plaintiff's interests, is not required by law, then a defendant has acted gratuitously, and a plaintiff has not prevailed in a legal sense. *Sablan v. Dep't of Fin. of Commonwealth of N. Mariana Islands*, 856 F.2d 1317, 1327 (9th Cir. 1988) (addressing the catalyst theory in a "prevailing party" fee-shifting provision).

Here, regarding the first part of the catalyst test, the Joneses do not challenge the district court's assessment of IWP's goals. Moreover, the district court's determination of IWP's goals is not clear error, as the goals articulated by the district court are consistent with IWP's complaint. See Pls.' Compl. at 1, 6, & 16, *Idaho Watersheds Project v. Jones*, No. CIV 00-0730-E-BLW (D. Idaho Dec. 19, 2000). As the district court stated, IWP reached all its goals when Ms. Jones filed her declaration agreeing to abide by the Biological Opinion and the Forest Service's easement terms.

Once a court determines both the goals of the litigation and the results obtained, it must next inquire whether the results were causally connected to the lawsuit. Here, IWP's goals were reached, at least in part, by the institution of this lawsuit. Indeed, the Joneses applied for a permanent easement with the Forest Service in 1991. The Forest Service took no action on this application for nearly ten years. Specifically, the Forest Service took no action until it issued its Biological Assessment on April 19, 2001, almost four months after IWP filed suit against the Joneses. This timing shows that IWP's lawsuit contributed to the Joneses' agreement to install a head gate and fish screen. If IWP had not filed suit, it may have been another ten years before the Forest Service acted on the Joneses' application. In sum, IWP satisfied part one of the catalyst test.

With regard to the second part of the test, the law required the Joneses to install a head gate and fish screen. For instance, a term of the Joneses' permanent easement from the Forest Service requires they install both a head gate and fish screen before further diverting water from Otter Creek. Under the Federal Land Policy and Management Act, the Secretaries of the Interior and Agriculture are authorized to "'grant, issue, or renew rights-of-way over' public lands for 'ditches . . . for the . . . transportation . . . of water.'" *County of Okanogan v. Nat'l Marine Fisheries Serv.*, 347 F.3d 1081, 1085 (9th Cir. 2003) (quoting 43 U.S.C. §

1761(a)(1)). Such rights-of-way "'shall contain . . . terms and conditions which will . . . minimize damage to . . . fish and wildlife habitat and otherwise protect the environment.'" *Id.* (quoting 43 U.S.C. § 1765(a)). Thus, the Forest Service is obligated under the law to impose restrictions on its easements that minimize harm to wildlife. Because the Joneses are required by law–under the terms of the easement–to install the head gate and fish screen, their doing so was not a gratuitous act. As a result, IWP also satisfied the second part of the catalyst test, making an award of attorney's fees under the ESA *appropriate.*

The Joneses also contend that the district court improperly relied on its decision granting IWP's Motion for Summary Judgment and Permanent Injunction because this court, in an earlier decision, reversed that decision. When ruling on a motion for attorney's fees, a district court cannot base its award on a previous district court order that an appellate court has overturned. *Envtl. Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 17 F. App'x 538, 539 (9th Cir. 2001).

Here, before IWP filed the motion for attorney's fees at issue, the district court granted IWP's Motion for Summary Judgment and Permanent Injunction. This court, in a previous decision, reversed that order and remanded the case to the district court. On remand, IWP subsequently moved for attorney's fees. In granting this motion, the district court relied, at least in part, on its previous

memorandum decision granting IWP's Motion for Summary Judgment and Permanent Injunction. This was error. Nevertheless, we need not reverse the district court's award of attorney's fees, because we may affirm the award on any ground supported by the record. *Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004). As stated above, we affirm the district court's award of attorney's fees to IWP because, under the catalyst theory, the record supports the award.

The Joneses next argue that the district court abused its discretion in setting the amount of attorney's fees to award IWP. The determination of attorney's fees is within the sound discretion of the district court. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1065 (9th Cir. 2006). Thus, we should not disturb a district court's determination absent an abuse of discretion. *Id.*

The district court did not abuse its discretion. It adequately considered the time records presented by IWP. After considering these records, the district court found that both the hourly rates and the hours expended by IWP's counsel were reasonable. The Joneses presented no evidence to show that the district court clearly erred in any of these factual findings. With these factual findings in hand, the district judge necessarily performed a simple mathematical calculation (hourly rate x hours expended plus expenses) to come to $48,839.93, the amount requested by, and awarded to, IWP. Even more telling, the Joneses themselves incurred over

$62,000 in attorney's fees over the course of the same litigation. In short, the Joneses have failed to show how the district court abused its discretion.

The Joneses lastly argue that the trial court erred by failing to award them attorney's fees and costs. Under the ESA, a defendant is not entitled to costs and fees unless the plaintiff's litigation was frivolous. *Ocean Conservancy, Inc. v. Nat'l Marine Fisheries Serv.*, 382 F.3d 1159, 1161 (9th Cir. 2004). A prevailing defendant may also be entitled to fees if the plaintiff continued to litigate the suit after it clearly became frivolous. *Marbled Murrelet v. Babbitt*, 182 F.3d 1091, 1096 (9th Cir. 1999). Frivolous filings are those that are "'both baseless and made without a reasonable and competent inquiry.'" *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)).

In *Marbled Murrelet,* for example, we stated the district court did not err in determining the plaintiff's ESA claim was not frivolous despite the limited evidentiary support, as the suit was based on an expert's opinion about the effect of the defendant's activities. 182 F.3d at 1096. Thus, when a plaintiff's claim is supported by expert testimony, it is generally not frivolous.

Here, IWP's claim was not frivolous. Like the plaintiff in *Marbled Murrelet*, IWP, both at the outset and as the suit progressed, relied on expert reports,

including peer-reviewed reports. Under *Marbled Murrelet* then, IWP's suit was not frivolous at its inception. Additionally, the Joneses "do[] not point to any evidence developed during the course of litigation that should have put [IWP] on notice that its suit was frivolous." *Id.* at 1096. In sum, the district court did not err in denying the Joneses' claim for attorney's fees and costs.

For the foregoing reasons, we affirm the district court in all respects.

**AFFIRMED.**



INTERNAL USE ONLY: Proceedings include all events.
06-35344 Idaho Watersheds, et al v. Jones, et al

| | |
|---|---|
| IDAHO WATERSHEDS PROJECT<br>    Plaintiff - Appellee | William M. Eddie<br>208/342-7024<br>[COR LD NTC ret]<br>Melinda K. Harm, Esq.<br>FAX 208/342-8286<br>208/342-7024<br>[COR LD ret]<br>LAND AND WATER FUND OF THE<br>ROCKIES<br>P.O. Box 1612<br>Boise, ID 83701<br><br>Laurence J. Lucas, Esq.<br>FAX 208/424-1466<br>208/424-1466<br>[COR LD NTC ret]<br>LAW OFFICE OF LAURENCE J. LUCAS<br>P.O. Box 1342<br>Boise, ID 83701 |
| COMMITTE FOR IDAHO'S HIGH<br>DESERT<br>    Plaintiff - Appellee | William M. Eddie<br>(See above)<br>[COR LD NTC ret]<br>Melinda K. Harm, Esq.<br>(See above)<br>[COR LD ret]<br><br>Laurence J. Lucas, Esq.<br>(See above)<br>[COR LD NTC ret] |

   v.

| | |
|---|---|
| VERL JONES<br>    Defendant - Appellant | Bruce M. Smith, Esq.<br>FAX 208/331-1202<br>208/331-1800<br>Suite 520<br>[COR LD NTC ret]<br>MOORE SMITH BUXTON & TURCKE<br>950 W. Bannock Street<br>Boise, ID 83702 |
| TUDDIE JONES<br>    Defendant - Appellant | Bruce M. Smith, Esq.<br>(See above)<br>[COR LD NTC ret] |